IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-00938-LTB-BNB

DONN CAIRNS,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC;
PATRICK COX; and
MORGAN STANLEY & CO., INC.,

    Defendants.

_____

ORDER
_____

This case is before me on Defendant Patrick Cox ("Cox") and Morgan Stanley & Co., Inc.'s ("Morgan Stanley) Amended Motion to Dismiss Counts I, II, III, IV and V of Plaintiff's Complaint [Doc # 15]. After consideration of the motion, all related pleadings, and the case file, I grant the motion in part and deny it in part for the following reasons.

## I. Background

This action arises out of the termination of Plaintiff's employment with Defendant UBS Financial Services, Inc. ("UBS"). Prior to his employment with UBS, Plaintiff was employed by Morgan Stanley. On July 12, 2006, while he was employed by UBS, Plaintiff alleges that he wrote a letter in which he stated that he believed that Chuck Cawiezel ("Cawiezel"), a former co-worker of Plaintiff's at Morgan Stanley who had filed a charge of age discrimination with the EEOC, was treated differently by Morgan Stanley than younger employees. Plaintiff alleges that Cox, who participated in a mediation of Cawiezel's EEOC charge on July 25, 2006 as vice president and senior attorney for Morgan Stanley, told UBS attorney Steve Hawkins ("Hawkins") about the letter that Plaintiff had written regarding Cawiezel in alleged violation of a confidentiality agreement entered in connection with the Cawiezel mediation. Plaintiff alleges

that both Hawkins and his supervisor told him that the letter showed bad judgment on Plaintiff's part. Shortly thereafter, Plaintiff's employment with UBS was terminated.

Plaintiff's Complaint states claims against Morgan Stanley for retaliation in violation of the ADEA and 42 U.S.C § 2000e-3(a) (First Claim); intentional interference with contract (Second Claim); and negligent interference with contract (Third Claim). Plaintiff's Complaint states claims against Cox for intentional interference with contract (Fourth Claim) and negligent interference with contract (Fifth Claim). By the motion, Defendants seek the dismissal of Plaintiff's retaliation claim against Morgan Stanley pursuant to Fed. R. Civ. P. 12(b)(1) and the dismissal of Plaintiff's remaining claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has confessed Defendant's motion with respect to his Third and Fifth Claims for negligent interference with contract. My analysis will therefore be limited to Plaintiff's First, Second, and Fourth Claims.

## II. Standard of Review

### A. Rule 12(b)(1) Legal Standard

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller,* 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). In considering a motion to dismiss under Rule 12(b)(1), I have wide discretion to consider evidence outside the pleadings. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995). Such consideration does not ordinarily convert the motion to a summary judgment motion under Fed. R. Civ. P. 56. *Id.*

### B. Rule 12(b)(6) Legal Standard

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim that is plausible on its face."

*United States ex rel. Conner v. Salina Regional Health Center,* — F.3d —, 2008 WL 4430668, *3 (10th Cir., October 2, 2008) (internal quotations omitted). Although a plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations omitted).

### III. Analysis

#### A. Plaintiff's Retaliation Claim Against Morgan Stanley

Before filing suit under Title VII and the ADEA, a plaintiff must exhaust administrative remedies. *Shikles v. Sprint/United Management Co.,* 426 F.3d 1304, 1317 (10th Cir. 2005). The exhaustion of administrative remedies is a jurisdictional prerequisite and therefore appropriate for resolution under Rule 12(b)(1). *See Butler v. Kempthorne,* 532 F.3d 1108 (10th Cir. 2008) (affirming district court's dismissal of employment discrimination case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based on plaintiff's failure to exhaust administrative remedies).

Plaintiff's Complaint alleges retaliation by Morgan Stanley in violation of both the ADEA and Title VII. Under the ADEA, "a civil action may be brought ... against the respondent named in the charge within 90 days" of receiving a right to sue letter. 29 U.S.C. §626(e). Likewise, under Title VII, "a civil action may be brought against the respondent named in the charge" within 90 days of receiving a right to sue letter. 42 U.S.C. §2000e-5(f)(1).

Defendants argue that Plaintiff failed to exhaust his administrative remedies against Morgan Stanley because the charge of discrimination that he filed with the EEOC does not name Morgan Stanley and instead identifies only UBS as the discriminating party. Plaintiff acknowledges that his formal charge does not name Morgan Stanley but argues that he nonetheless exhausted his administrative remedies based on the intake questionnaire and related summary that he provided to the EEOC. On the intake questionnaire, Plaintiff listed both UBS

and Morgan Stanley in response to the statement "I believe that I was discriminated against by the following organization(s)." In the related summary, under the heading of "retaliation," Plaintiff stated similar facts to those set forth above regarding the letter he wrote concerning Cawiezel's alleged treatment at Morgan Stanley. The only statement in the summary regarding conduct by Morgan Stanley is Plaintiff's assertion that his attorney "told [him] that a copy of [his] letter had been faxed to Hawkins by [Cox], an attorney representing Morgan Stanley in the Cawiezel case." Plaintiff's summary goes on to outline alleged actions by UBS to replace Plaintiff and other employees with younger, less experienced individuals.

In support of his argument that his intake questionnaire and related summary constitute a charge of discrimination, Plaintiff relies principally on *Fed. Express Corp. v. Holowecki,* — U.S. —, 128 S.Ct. 1147 (2008). In *Holowecki*, the Supreme Court considered (1) what constitutes a charge under the ADEA; and (2) whether the documents filed by the respondent could be considered a charge under the ADEA. *Id.* at 1153.

In response to the first question, the Supreme Court held that in order for a filing to be considered a charge under the ADEA, it must contain both the information required by the EEOC regulations, *ie.* an allegation of discrimination and the name of the charged party, and "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 1157-58. In making this latter determination, the Supreme Court instructed that "the filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id.* at 1158.

The Supreme Court proceeded to analyze the respondent's intake questionnaire and supplementary six-page affidavit under the standard articulated above. The Supreme Court first noted that the intake questionnaire alone may not be sufficient because the design of the form in use at the applicable time was not labeled a "Charge of Discrimination" and contained wording

suggesting that it did not constitute a charge. *Id.* at 1159. Nonetheless, the Supreme Court concluded that the supplementary affidavit submitted by respondent demonstrated the requisite request for the agency to act based on its request that the EEOC "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of *Best Practice/High Velocity Culture Change.*" *Id.* at 1159-60.

Applying the standards set forth in *Holowecki*, I conclude that Plaintiff's intake questionnaire and related summary do not constitute a charge of discrimination against Morgan Stanley under the ADEA. Although the questionnaire names Morgan Stanley as a discriminating party, neither the questionnaire nor the related summary set forth an allegation of discrimination against it. Instead, the summary's sole reference to conduct by Morgan Stanley merely states that "a copy of [Plaintiff's] letter [regarding Cawiezel] had been faxed to Hawkins by [Cox], an attorney representing Morgan Stanley in the Cawiezel case."

Additionally, neither the questionnaire nor the related summary submitted by Plaintiff can be reasonably construed from an objective standpoint as a request for the EEOC to take action against Morgan Stanley. First, there is no direct request such as that made in the respondent's affidavit in *Holowecki*. In addition, although the intake questionnaire form completed by Plaintiff is apparently different than that completed by the respondent in *Holowecki*, it similarly contains language that suggests it does not constitute a charge. Specifically, the 2006 version of the intake questionnaire form that was completed by Plaintiff provides that "[i]nformation provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination ***and to provide such charge filing counseling as is appropriate***" (emphasis added). *Compare Holowecki,* 128 S.Ct. at 1159 (2001 intake questionnaire form provided that its purpose was to facilitate "pre-charge-filing counseling" and to enable the agency to determine whether it had jurisdiction over "potential

charges").

Granted, the 2006 intake questionnaire form also provides that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, ..., consider it to be a sufficient charge of discrimination under the relevant statute(s)." The applicability of this provision to Plaintiff's retaliation claim against Morgan Stanley requires, however, that there be allegations of discriminatory conduct by Morgan Stanley in the intake questionnaire and related summary. As set forth above, neither of these documents contain such allegations. Furthermore, Plaintiff filed a charge of discrimination that is devoid of any reference to Morgan Stanley, and his intake questionnaire and related summary therefore do not constitute the only written statements concerning the alleged employment discrimination suffered by Plaintiff.

In apparent recognition of the deficiencies in the intake questionnaire and related summary, Plaintiff attempts to bolster these documents through an affidavit in which he states that he filed these documents "with the purpose of bringing a claim of age discrimination against [UBS] and Morgan Stanley." This attempt must be rejected, however, as it is not the filer's state of mind that is determinative but rather whether the filing is requesting remedial agency action when viewed from the standpoint of an objective observer. *Holowecki*, 128 S.Ct. at 1158. Additional statements in the affidavit regarding what Plaintiff was purportedly told regarding the effect of the filed documents by the EEOC investigator constitute inadmissible hearsay and likewise fail to establish the requisite components of a charge under the ADEA as established in *Holowecki*.

Because Plaintiff's intake questionnaire and related summary do not contain an allegation of retaliatory conduct by Morgan Stanley and cannot be reasonably construed as a request for the EEOC to take remedial action against Morgan Stanley, these documents do not constitute a charge under the ADEA. Plaintiff has therefore failed to exhaust his administrative remedies regarding his claim for retaliation against Morgan Stanley under the ADEA.

The same analysis applicable to Plaintiff's retaliation claim under the ADEA may or may not be applicable to Plaintiff's retaliation claim under Title VII. *See Holowecki,* 128 S. Ct. at 1153 (cautioning that rules applicable under one discrimination statute should not be applied to a different discrimination statute without careful and critical examination). Regardless, a charge under Title VII must be verified. 29 C.F.R. §1601.9. The term "verified" means "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oathes and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §1601.3(a). Neither Plaintiff's intake questionnaire or related summary were verified. Plaintiff's subsequent charge of discrimination fails to cure this defect because the charge does not reference Morgan Stanley by name or otherwise allege discrimination by Morgan Stanley. Also problematic is the fact that a charge under Title VII must be "sufficiently precise ... to describe generally the action or practices complained of." 29 C.F.R. §1601.12(b). Again, neither Plaintiff's intake questionnaire nor related summary adequately describe retaliatory conduct by Morgan Stanley.

Because Plaintiff's intake questionnaire and related summary are unverified and do not adequately describe retaliatory conduct by Morgan Stanley, I conclude that these documents also do not constitute a charge under Title VII. Plaintiff has therefore failed to exhaust his administrative remedies regarding his claim for retaliation against Morgan Stanley under either the ADEA or Title VII. As a result, Plaintiff's retaliation claim against Morgan Stanley must be dismissed for lack of subject matter jurisdiction.

**B. Plaintiff's Claims for Intentional Interference with Contract**

Under Colorado law,

> [o]ne who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

*TMJ Implants, Inc. v. Aetna, Inc.,* 498 F.3d 1175, 1201 (10th Cir. 2007) (*quoting* Restatement

(Second) of Torts §766).

In support of his claim for intentional interference by Defendants with his employment contract with UBS, Plaintiff's alleges that Cox, whose actions are purportedly attributable to Morgan Stanley, told Hawkins that Plaintiff had written a letter on Cawiezel's behalf in violation of the confidentiality agreement entered in the Cawiezel mediation. Defendants first argue that this claim must fail because there was nothing improper about Cox disclosing Plaintiff's letter under the terms of the confidentiality agreement as a matter of law. In support of this argument, Defendants provide a copy of the Cawiezel confidentiality agreement which I may properly consider in the context of Defendants' motion. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)("... if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

The Cawiezel confidentiality agreement provides that "[t]he parties agree that all matters discussed during the mediation are confidential, ***unless otherwise discoverable, ....***" (emphasis added). Defendants argue that since the letter Plaintiff wrote in support of Cawiezel's age discrimination claims against Morgan Stanley would be discoverable under Fed. R. Civ. P. 26(b)(1) in an action by Cawiezel against Morgan Stanley, Cox's disclosures regarding this letter to Hawkins did not violate the confidentiality agreement and were therefore not improper.

In response, Plaintiff first argues that Rule 26(b)(1) merely authorizes parties to obtain discovery regarding the "existence, description, nature" of any documents and does not authorize parties to obtain copes of relevant documents. This argument ignores the fact that Rule 26(b)(1) more broadly states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any document or other tangible things ...." Discovery under Rule 26(b)(1) is therefore not limited to information concerning relevant documents as Plaintiff

suggests. *See also* Fed. R. Civ. P. 34. Because Plaintiff's letter in support of Cawiezel was discoverable under Rule 26(b)(1), Plaintiff's speculative argument that Cawiezel would not have been required to disclose it under Rule 26(a) because he would have used it solely to impeach Plaintiff's testimony at trial is immaterial.

Plaintiff also argues that the letter he wrote in support of Cawiezel was not subject to discovery pursuant to Rule 26(b)(3)(A) because it was written in anticipation of litigation. In the context of Rule 12(b)(6), I am unable to fully analyze the merits of this argument and must instead err on the side of Plaintiff. Assuming that Plaintiff's letter supporting Cawiezel's claim of age discrimination against Morgan Stanley was written in anticipation of litigation between those parties, Plaintiff has stated a plausible claim that Cox's disclosures to Hawkins regarding this letter were in violation of the confidentiality agreement entered in the Cawiezel mediation and therefore improper. Additionally, Plaintiff has alleged improper retaliatory conduct by Morgan Stanley. Although this conduct is not actionable for the reasons set forth above, it nonetheless further supports Plaintiff's claim of improper interference by Defendants with Plaintiff's employment contract with UBS.

Defendants also argue that Plaintiff claims for intentional interference with contract must fail because Plaintiff has not plausibly pled that the alleged interference was intentional. In support of this argument, Defendants note that Plaintiff has not alleged any motive on their part or any interests that they sought to advance. Such specific allegations, however, are unnecessary. *See Lane*, 495 F.3d at 1186. Plaintiff has alleged that Defendants' purported interference was intentional as well as sufficient facts to support this conclusion. Accordingly, I conclude that Plaintiff has plausibly pled contractual interference by Defendants that was both intentional and improper.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants Cox and Morgan Stanley's Amended Motion to Dismiss Counts I, II, III, IV and V of Plaintiff's Complaint [Doc # 15] is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's First Claim against Morgan Stanley for retaliation in violation of the ADEA and 42 U.S.C. § 2000e-3(a) is DISMISSED WITH PREJUDICE;

3. Plaintiff's Third and Fifth Claims against Defendants for negligent interference with contract are DISMISSED WITH PREJUDICE; and

4. Defendants' motion is DENIED insofar as it seeks the dismissal of Plaintiff's Second and Fourth Claims for intentional interference with contract.

Dated: November  7th  2008 in Denver, Colorado.

                                          BY THE COURT:


                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, JUDGE